# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00151-CV

**Verizon North, Inc., Appellant**

**v.**

**Susan Combs, Comptroller of Public Accounts of the State of Texas; and Greg Abbott, Attorney General of the State of Texas, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. D-1-GN-06-001295, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

Because Verizon contends only that the computer software program that it purchased does not fall within the Comptroller's regulatory definition of "computer program"[1] and not that such program falls outside the statutory definition of that term,[2] I would affirm the judgment of the district court. Although section 151.021 of the tax code allows the Comptroller to adopt rules that clarify and implement the legislation, such rules must be consistent with the plain language of the statute. *See generally Edgewood Indep. Sch. Dist. v. Meno*, 893 S.W.2d 450, 474 n.24 (Tex. 1995) (promulgated rules must be consistent with state constitution and statutes); *Gerst v. Oak Cliff Sav. & Loan Ass'n*, 432 S.W.2d 702, 706 (Tex. 1968) (when exercising authority delegated by legislature,

---

[1] *See* 34 Tex. Admin. Code § 3.308(b)(1) (2009) (defining "computer program").

[2] *See* Tex. Tax Code Ann. § 151.0031 (West 2008) (defining "computer program").

agency must adopt rules consistent with state constitution and statutes). Accordingly, I decline to adopt the majority's analysis, and I concur in the judgment only.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Filed: May 22, 2009